Bobby Dale Barina, Killeen, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Gaspar Sardaneta Martinez (Martinez) appeals his sentence following his guilty plea conviction for conspiracy to possess with the intent to distribute methamphetamine, cocaine, and amphetamine. Martinez argues that the district court clearly erred in overruling his objection to the presentence report's (PSR) drug-quantity findings. Specifically, Martinez challenges as unreliable case agent David Evans's sentencing-hearing testimony relating to information he obtained from a confidential informant (CI).

Even without consideration of the information obtained from the CI, the district court's drug-quantity findings remain plausible in light of the record as a whole. *See United States v. Puig–Infante,* 19 F.3d

929, 942 (5th Cir.1994); *United States v. Shipley,* 963 F.2d 56, 58 (5th Cir.1992). Accordingly, the district court did not clearly err in overruling Martinez's objection to the PSR's drug-quantity calculation. *See United States v. Ponce,* 917 F.2d 841, 842 (5th Cir.1990).

AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Pedro HERNANDEZ–SOSA, also known as Roberto Rodriguez–Hernandez, Defendant–Appellant.**

No. 03–50950.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 18, 2004.

Joseph H. Gay, Jr., Assistant US Attorney, US Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Pedro Hernandez–Sosa appeals the sentence imposed following his guilty plea

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Hernandez–Sosa contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b) define separate offenses. He argues that the prior conviction that resulted in his increased sentence is an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment. Hernandez–Sosa maintains that he pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47, 118 S.Ct. 1219. Hernandez–Sosa acknowledges that his arguments are foreclosed by *Almendarez–Torres*, but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his arguments for further review.

*Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.